Gilmore, J.
At the time the action was commenced in the court below, the plaintiffs had two separate causes of action against the principal defendant, the mortgagor— i. e., the mortgage and judgment—both of which were liens upon the lands of the mortgagor. These were capable of enforcement by different methods—the mortgage by foreclosure, and the judgment by execution. Either constituted a separate cause of action in favor of the plaintiffs, upon which they could have instituted a suit to marshal the liens, and bring the lands to sale for their satisfaction. At their election, they had the right to sue and proceed upon their mortgage alone for this purpose, leaving their judgment to be enforced by execution, if, in any event, it might prove more advantageous to them to dó so; or they could have united, in the same suit, these separate causes of action, for the purpose of marshaling the liens, and subjecting the proceeds of the lands to their satisfaction.
They elected to foreclose the mortgage, without setting up or alluding to the existence of their judgment lien, and made the prior mortgagee and other lienholders parties, who answered before the judgment of the plaintiffs became dormant, setting up their respective liens, and asking affirmative relief. The judgment of the plaintiffs became dormant while the case, as thus made, stood ready for decree ; and, as decrees must he founded upon the allegations *217 of the pleadings, if the final decree had been then entered, the judgment lien of the plaintiffs could' not have been recognized or protected, for they had elected not to set it up, or to ask equitable relief in reference to it.
After the judgment had so become dormant, and ceased to be a legal lien on the lands of the mortgagor, the plaintiffs filed an amended petition in foreclosure, -which, to the extent of foreclosure, is a copy of the original; and also, for the first time, set up their dormant judgment, and asked that it be declared an equitable lien, and enforced as such by the court.
The first mortgagee denies that the judgment is any longer a lien, either in law or equity.
The only question in the case is: Did the plaintiffs, by thus electing to proceed upon .their mortgage alone, without setting up their judgment lien, until after it had become dormant, lose their right to then set it up in the foreclosure proceeding, and have it enforced as an equitable lien ?
¥e know of no equitable principle or rule that would authorize an affirmative answer to the question. The pendency of the foreclosure proceedings, instituted by the plaintiffs, in no manner affected their judgment lien.
Even on the theory that a foreclosure proceeding is in the nature of an equitable execution of the mortgaged lands, by which they are taken into the custody of the court, for the benefit and protection of all the parties properly before the court, having valid liens upon them, at the time they are so taken into custody, and also such other holders of valid liens as may afterward be let in, pending the proceedings, the plaintiffs are not entitled to have their dormant judgment protected in this case.
There is an obvious distinction between a party plaintiff and party defendant, in such a case. The defendant is involuntarily forced into the case by the plaintiff, who can require him to set up all the liens that he claims upon the premises. In such a case, it has been held that a defendant holding a judgment lien, which becomes dormant after the *218 filing of bis answer setting it up, will be protected, notwithstanding the judgment, may become dormant before the final distribution. Dempsey v. Bush, 18 Ohio St. 376.
The second proposition of the syllabus in this case is cited by the plaintiffs in error, in support of the motion. Although the language used in this proposition is somewhat broader than was necessary for the decision of the case then before the court, still it is not broad enough to cover the claim of the plaintiff in this case, by any fair construction. Hence, it is not in point.
In that, as in this case, foreclosure and the marshaling of liens was sought.- In that case, the court was dealing with the subject of proper parties, and their subsisting liens at the time they were properly made parties; and it is presupposed, in the proposition, that, at some time pending the proceeding, the court had jurisdiction of both the party and his subsisting lien; and the preservation of such a lien in equity, pending the proceedings, was what the court was there considering.
In this case, the plaintiffs, electing to proceed on their mortgage alone, did not set up their judgment lien in their original petition; and, while they thus gave the court jurisdiction of their persons, and their mortgage lien, they did not bring their judgment lien within the jurisdictional powers of the court in that proceeding; nor did they attempt to do so while it was a subsisting lien. The court, therefore, never had jurisdiction of this lien while it was alive. Instead of asking the court to preserve a lien, of which it had had jurisdiction at some time pending the proceeding, the plaintiffs, by their amended petition in the court below, were asking the court to revive and enforce a lifeless lien, or rather to create a lien in their favor, and thus to give them precedence over all other lienholders before the court in the case. We are aware of no rule in equity authorizing this to be done.
We find no error in the judgment of the district court

Motion overruled.